IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando A. Marroquin,<br><br>    Plaintiff,<br><br>v.<br><br>Yolanda Fernandez-Carr, et al.,<br><br>    Defendants. | No. CV 16-01667-PHX-DGC (BSB)<br><br>**ORDER** |

Plaintiff Armando A. Marroquin, who is confined in the Adelanto ICE Processing Center in Adelanto, California, brought this civil rights case pursuant to 42 U.S.C. § 1983. Before the Court are Defendants' Motions to Dismiss (Docs. 24, 38, 50, 60). Plaintiff was informed of his rights and obligations to respond (Doc. 27, 40, 52, 61), and he opposes the motions. (Doc. 37, 44, 65.)[1] Defendants' motions will be granted in part and denied in part.

**I.    Background**

On screening of the Second Amended Complaint (Doc. 14) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated First Amendment claims against Defendants Fernandez-Carr and Prince in Counts One and Two, respectively; Eighth Amendment claims against Defendants Burnett and Matranga in Counts Three and Four, respectively; and First and Eighth Amendment claims against Defendants Cosby and Kelly in Counts Five and Six, respectively. (Doc. 16.) The Court ordered Defendants to

---

[1] Plaintiff did not respond to Defendant Giovino's Motion to Dismiss (Doc. 50).

respond to the respective claims against them. (*Id.*) On May 23, 2017, Defendant Giovino was substituted for Defendant Matranga. (Doc. 36.)

Defendants move to dismiss certain portions of the Second Amended Complaint on the grounds that these claims are barred by the statute of limitations and that Plaintiff has failed to state a claim. (Docs. 24, 38, 50.) Defendants also move to dismiss for failure to prosecute. (Doc. 60.)

## II.     Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a Rule 12(b)(6) motion, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quotation omitted). Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

A Rule 12(b)(6) motion to dismiss is almost never an appropriate response when the Court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendants to respond. The standard for dismissal under Rule 12(b)(6) is

1 identical to the standard under 28 U.S.C. § 1915A(b). After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss should be granted only if the defendants can convince the Court that reconsideration is appropriate. Reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**III. Discussion**

**A. Statute of Limitations**

Defendants argue that Plaintiff's claims that arose before May 25, 2014 – two years prior to the filing of his original Complaint – are barred by the two-year statute of limitations. Section 1983 does not include its own statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Federal courts apply the statute of limitations governing personal injury claims in the forum state, "along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citation omitted). In Arizona, the limitations period for personal injury claims is two years. *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986); *see also* Ariz. Rev. Stat. § 12-542. Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). For a statute of limitations defense to be decided on a motion to dismiss, the untimeliness must clearly appear on the face of the complaint. *See Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206-1207 (9th Cir. 1995).

Contrary to Defendants' arguments, it is not clear from the face of the Complaint when Plaintiff completed the administrative grievance process or whether the statute of

limitations would have been tolled while he completed that process. *See Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (holding that the "applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."). Further, it is not apparent from the face of the Complaint whether the continuing violations doctrine could apply to toll the statute of limitations with respect to Plaintiff's medical claims. *See Evans v. Cty. of San Diego*, No. 06 CV 0877 JM(RBB), 2008 WL 842459, at *12 (S.D. Cal. Mar. 27, 2008) (citing cases that applied continuing violation doctrine to § 1983 claims based on deliberate indifference, and holding that statute of limitations began running on last date of allegedly unconstitutional medical treatment pursuant to the continuing violations doctrine). The Court cannot determine whether Plaintiff's claims are barred by the statute of limitations at this early stage of the litigation, and Defendants' Motions to Dismiss will be denied without prejudice as to that issue.

### B. Defendant Burnett

Defendant Burnett moves to dismiss Plaintiff's claim that he was denied treatment for a testicular tumor. (Doc. 38 at 1.) In Count Three of the Second Amended Complaint, Plaintiff alleges that:

> On May 28, 2014, Plaintiff request [sic] to order the orthopedic shoes, but Defendant Burnett refused to order the shoes, and ordered the LIP Doctor to deny the request to update the ADA chronos and to cancel all of his medication and supplies. That day[,] the LIP Doctor refused to examined [sic] and to order a treatment for Plaintiff's tumo[]r on his right testicle[.]

(Doc. 14 at 9.) Defendant Burnett argues that Plaintiff fails to allege that Defendant Burnett was personally involved in the alleged refusal to treat or examine Plaintiff's tumor. The Court agrees. Taking the alleged facts as true, Plaintiff fails to connect the LIP Doctor's refusal to treat his tumor to any acts by Defendant Burnett. Even if Defendant Burnett refused to order Plaintiff's orthopedic shoes and told the LIP Doctor to cancel Plaintiff's medications and supplies, there is nothing to suggest that Defendant

Burnett played a role in the LIP Doctor's alleged refusal to treat Plaintiff's testicular tumor.

Plaintiff contends that Defendant Burnett, as the LIP Doctor's supervisor, is liable for the doctor's decision. But there is no *respondeat superior* liability under § 1983, and a defendant's position as the supervisor of an individual who allegedly violated Plaintiff's constitutional rights does not give rise to liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, Plaintiff's claim that Defendant Burnett failed to examine and treat his testicular tumor will be dismissed.

### C. Defendants Giovino, Fernandez-Carr, and Prince

Defendants Giovino, Fernandez-Carr, and Prince argue that Plaintiff failed to state a claim. (Doc. 24 at 5-6; Doc. 50 n.5.) As mentioned, the Court screened Plaintiff's Second Amended Complaint and determined that his allegations against these Defendants stated a claim for relief. Defendants present nothing that warrants reconsideration of this conclusion. *See School Dist. No. 1J*, 5 F.3d at 1263.

Defendants Fernandez-Carr and Prince argue that the Court dismissed a similar claim Plaintiff brought against them in a previous case. (Doc. 24 at 6.) In *Marroquin v. McDonald, et al*, CV 13-01761-PHX-DGC, Plaintiff claimed that the prison law library did not have legal information or legal books in Spanish and that Defendants Fernandez-Carr and Prince denied him access to Spanish-language legal books and materials. (*See* CV 13-01761-PHX-DGC, Doc. 6 at 11.) The Court determined that Plaintiff failed to state a claim because he did not allege how Defendants Fernandez-Carr and Prince "were supposed to provide him with Spanish-language books and materials if there were no such books in the prison." (*Id*. at 12.) Plaintiff's allegations in the instant case are

1 | distinguishable. Plaintiff does not claim that the prison law library lacks Spanish-language legal documents and books; he alleges that Defendants Fernandez-Carr and Prince denied him access to such materials. (Doc. 14 at 5.) Accordingly, Plaintiff sufficiently states a claim as to this issue.

Similarly, Plaintiff claims that, despite being aware that Plaintiff suffered from serious back pain, Defendant Giovino cancelled Plaintiff's pain medication, which caused Plaintiff to continue to suffer severe pain. (*Id.* at 10.) Defendant Giovino's argument that Plaintiff failed to specifically identify the medications that were cancelled and failed to allege an injury is without merit. Plaintiff alleged sufficient facts to show that Defendant Giovino was aware of his serious pain and disregarded that pain by cancelling Plaintiff's pain medication, which led to Plaintiff experiencing severe pain. These allegations are sufficient to support an Eighth Amendment medical claim.

### D.     Failure to Prosecute

Defendants move to dismiss the action pursuant to Federal Rules of Civil Procedure 41(b) and 37(d) based on Plaintiff's failure to prosecute. (Doc. 60 at 1.)

#### 1.     Legal Standard

Rules 37(c)(1)(C) and 37(d)(1)(B)(3) provide that a party's failure to disclose or failure to attend a deposition may be sanctioned by any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Rule 37(b)(2)(A)(v) contemplates "dismissing the action or proceeding in whole or in part." Additionally, Rule 41(b) allows a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. U .S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d

1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court). The standards governing dismissal for failure to comply with a court order are basically the same under either Rule 37(b) or Rule 41(b). *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Omstead*, 594 F.3d at 1084 (quoting *Henderson*, 779 F.2d at 1423).

### 2. Discussion

Defendants state that Plaintiff has failed to serve initial disclosures, which were due by June 22, 2017. (Doc. 35 at 1.) [2] Defendants also state that on August 15, 2017, they served written discovery requests on Plaintiff, which included Interrogatories and Requests for Production of Documents, but Plaintiff never responded or requested additional time to respond. (Doc. 60 at 3.) Defendants further assert that Plaintiff failed to appear for his September 15, 2017 deposition and failed to respond to Defendant Giovino's Motion to Dismiss. (*Id.* at 3, 5.)

This action has been pending for nearly two years, and Plaintiff's failure to participate in discovery or to comply with this Court's Scheduling Order constitutes undue delay. With respect to the *Henderson* factors first, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

---

[2] Although Federal Rule of Civil Procedure 26(a)(1)(B)(iv) exempts most prisoner civil rights cases, including this one, from the requirements of initial disclosures, the Court exercised its discretion and required the parties to comply with the initial disclosure provision of Rule 26(a). (Doc. 35 n.1.)

Second, the Court cannot manage this case and its docket if Plaintiff refuses to comply with its Scheduling Order or participate in discovery.

Third, Plaintiff must rebut a presumption of prejudice that arises from Plaintiff's failure to prosecute with a non-frivolous excuse for the delay. *See Hernandez*, 138 F.3d at 400-01. Plaintiff argues that Defendants "did not obtain a court order for their motions to disclosure, discovery, and disposition, and then send the Plaintiff the order with their motions," which would have permitted Plaintiff to demonstrate to the jail staff that he needed access to his legal documents and the law library. (Doc. 65 at 2.) Plaintiff blames the prison staff for his failure to attend the scheduled deposition because they "refuse[d] to restrain Plaintiff in the front instead of behind" which made him "unable to carry the documents he had prepare[d] for the deposition" and the staff did not want to carry the documents for him. (*Id*. at 3.) Plaintiff also accuses Defendants of taking advantage of his inability to access the courts. (*Id*. at 3-4.)

Plaintiff's proffered reasons are unpersuasive. While the Court understands that litigation can be difficult for incarcerated persons, the Court cannot continue to adjudicate this case and Defendant cannot continue to litigate without Plaintiff's participation. Plaintiff chose to file this lawsuit and must be willing to comply with this Court's Orders and the Federal Rules of Civil Procedure. Defendants have expended time and resources attempting to comply with the Court's Orders and the discovery schedule. Accordingly, this factor weighs against Plaintiff.

Fourth, public policy favors resolving cases on their merits and therefore weighs in Plaintiff's favor.

Fifth, Plaintiff has been given ample opportunity to litigate his case and has failed to respond to Defendants' discovery requests, attend his deposition, serve initial disclosures, or respond to Defendant Giovino's Motion to Dismiss. Severe sanctions such as dismissal should be used, however, only in extreme circumstances. *Refac Intern, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247, 1254 (9th Cir. 1990). A review of the docket shows that Defendants have made no previous motions to compel Plaintiff's compliance. The

Court concludes that the preferable course is to order Plaintiff to comply with his discovery obligations by a date certain. Plaintiff is warned that this case will likely be dismissed if he again fails to comply.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motions to Dismiss (Doc. 24, 38, 50, 60).

(2) Defendants' Motion to Dismiss for failure to prosecute (Doc. 60) is **denied**.

(3) Defendant Giovino's Motion to Dismiss (Doc. 50) is **denied**.

(4) Defendant Burnett's Motion to Dismiss (Doc. 38) is **granted in part and denied in part** as follows: the motion is **granted** as to Plaintiff's claim against Defendant Burnett regarding Plaintiff's testicular tumor, and that claim against Defendant Burnett is dismissed for failure to state a claim; the motion is **denied** as to all other claims, and Plaintiff's remaining claims against Defendant Burnett shall proceed to the merits.

(5) Defendants' Fernandez-Carr and Prince's Motion to Dismiss (Doc. 24) is **denied**.

(6) Plaintiff shall respond to Defendants' Interrogatories and Requests for Production by **February 2, 2018.** Plaintiff shall appear for his deposition on or before **February 16, 2018.** The discovery deadline is extended to permit this discovery. *Plaintiff is warned that the Court likely will dismiss this case if he fails to comply with these discovery orders.*

Dated this 10th day of January, 2018.

*David G. Campbell*
David G. Campbell
United States District Judge