**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando A. Marroquin, | No. CV16-01667-PHX-DGC (BSB) |
| Plaintiff, | |
| v. | **ORDER** |
| Yolanda Fernandez-Carr, et al., | |
| Defendants. | |

Plaintiff Armando A. Marroquin brought this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 14. On March 4, 2019, the Court granted summary judgment in favor of Defendants on all claims except Plaintiff's Eighth Amendment claims in Counts 5 and 6. *See* Doc. 93 at 22. The Court did not rule on whether Plaintiff was entitled to compensatory and punitive damages, and will now deny Defendants' motion as to those damages claims.

Defendants' memorandum on setting trial cites their summary judgment motion and reasserts that Plaintiff is not entitled to compensatory damages for mental and emotional injuries because he has not alleged and cannot show a compensable physical injury. Docs. 96 at 4; 78 at 18-19. Prisoner litigants cannot recover damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The prior physical injury "need not be significant but must be more than de minimis." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (clarifying that "Section 1997e(e) applies only

to claims for mental and emotional injury"); *see also Preayer v. Ryan*, No. CV-15-00069-PHX-DGC, 2017 WL 2351601, at \*1-\*5 (D. Ariz. May 31, 2017) (discussing *Oliver* and its application among courts).

Plaintiff alleges that he was denied toilet paper, disinfectant, shampoo, soap, deodorant, and all means to clean his cell floor, sink, and toilet for six months. Doc. 14 at 12-13. He alleged under "Injury" that Defendants subjected him to inhumane conditions, a substantial risk of serious harm, and physical, psychological, and emotional torture for six months. *Id.* To the extent Plaintiff seeks compensatory damages for mental and emotional injuries, the Court concludes that Plaintiff has alleged he suffered a prior physical injury from the six-month deprivation of basic cell-cleaning and hygienic supplies to care for his physical well-being and immediate environment.

Defendants argue that Plaintiff is not entitled to recover punitive damages. Docs. 96 at 4; 78 at 19. "[A] jury may award punitive damages under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others." *Dang v. Cross*, 422 F.3d 900, 807 (9th Cir. 2005) (internal quotation marks omitted). "[O]ppressive conduct is [also] a proper predicate for punitive damages under § 1983." *Id.* at 809. As the Court held with respect to deliberate indifference, a factfinder could reasonably find that Defendants' withholding of hygiene necessities for six months constituted a reckless or callous indifference to Plaintiff's constitutional rights. *See* Doc. 93 at 13-17. The same dispute of fact precludes judgment on Plaintiff's punitive damages claim.

**IT IS ORDERED** that Defendants motion for summary judgment (Doc. 78 at 18-19) on Plaintiff's claims for compensatory and punitive damages is **denied**.

Dated this 9th day of July, 2019.

David G. Campbell
Senior United States District Judge